COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-520-CR
  
  
LUIS 
MANUEL TORRES                                                          APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
Luis Manuel Torres appeals his conviction for violation of a protective order. 
The trial court found Torres guilty and assessed his punishment at seventy-five 
days’ confinement. In a single point, Torres challenges the legal sufficiency 
of the evidence to sustain his conviction. We will affirm.
II. Factual 
Background
        On 
September 13, 2003, the Municipal Court of the City of Irving issued an 
emergency protective order prohibiting Torres from, among other things, 
“[c]ommunicating directly or indirectly in a threatening or harassing manner 
with any family or household members listed in this Order” and from “[g]oing 
to or within 500 feet of [Brandee Kay Weston’s] residence . . . and any other 
subsequent address taken by [Brandee Kay Weston].” Officer Melanie Gutierrez 
delivered the protective order to Torres before he was released from jail and 
read the order to him. Officer Gutierrez explained that the order was issued 
because Weston was scared that Torres would hurt her.
        Weston 
testified that on September 28, 2003, she was living with Steven Rice at Budget 
Suites. She heard banging on the door and thought it was the babysitter or a 
detective wanting to get information on Rice’s truck, which had been stolen. 
She testified that the banging was “really loud” and that it was a 
“pounding.” She then heard Torres yelling through the door, “Brandee, open 
the fucking door. I’m taking my daughter with me to Mexico.” She said that 
Torres screamed the statements while banging on the door and that it made her 
scared. She further testified that when she opened the door, Torres tried to get 
through it, looked at her, and screamed, “Come here[.] I want to talk to you 
alone. I’m taking my daughter with me.”
        Officer 
David Coomer testified that while he was searching for a suspicious person in an 
unrelated incident at Budget Suites, a male—who was later identified as 
Torres—and female approached him. The female told Officer Coomer that there 
were drugs in an apartment where Torres’s child was staying. The female and 
Officer Coomer went to Weston’s apartment. Weston allowed the police to search 
the apartment, and the police found no drugs or paraphernalia. While at the 
apartment, Officer Coomer noticed that Weston appeared upset. Weston told 
Officer Coomer that Torres had come to the apartment, beating on the door, and 
that she got scared and ran to the bathroom. Weston also told Officer Coomer 
about the existence of the protective order. Officer Coomer talked to Torres, 
who said that he was aware of the protective order and that he had only 
attempted to contact Weston. However, Officer Coomer testified that “[e]very 
indication I had was that Mr. Torres had been there.”
        Officer 
Bardwell testified that he was with Officer Coomer on the date in question. 
Officer Bardwell said that the female and male told him that Rice pulled a stick 
on Torres when he was at Weston’s to check on the welfare of his child and 
that there was possible drug use in the apartment. When asked whether Torres 
ever said that he did not communicate with Weston in a threatening or a 
harassing manner, Officer Bardwell stated, “No, not that I remember.”
        Based 
on the above actions, Torres was charged with “intentionally or knowingly, in 
violation of an order of the Municipal Court of the City of Irving, . . . 
communicat[ing] directly or indirectly in a threatening or harrassing [sic] 
manner with Brandee Weston, a family member listed in said protective order by 
repeatedly banging on the door of Brandee Weston’s residence.” After hearing 
the evidence, the trial court found Torres guilty of violating the protective 
order and sentenced him to seventy-five days’ confinement. This appeal 
followed.
III. Legal 
Sufficiency Standard of Review
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the judgment in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d 
608, 612 (Tex. Crim. App. 2001). This standard gives full play to the 
responsibility of the trier of fact to resolve conflicts in the testimony, to 
weigh the evidence, and to draw reasonable inferences from basic facts to 
ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. When 
performing a legal sufficiency review, we may not sit as a thirteenth juror, 
re-evaluating the weight and credibility of the evidence and, thus, substituting 
our judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d 
735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).
IV. Legally 
Sufficient Evidence Supports Violation of Protective Order
        In 
his sole point, Torres contends that the evidence is legally insufficient to 
sustain his conviction for violation of a protective order. Specifically, he 
argues that the victim’s testimony is contradictory, is based on her 
assumption that Torres was banging on her door, and fails to prove that Torres 
“repeatedly” banged on her door.
        A 
person commits the offense of violation of a protective order if, in violation 
of such order, he intentionally or knowingly communicates directly with a 
protected individual or a member of the family or household in a threatening or 
harassing manner. Tex. Penal Code Ann. 
§ 25.07(a)(2) (Vernon 2003). The trier of fact is the sole judge of the 
credibility of witnesses and the weight given to their testimony. Bonham v. 
State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984), cert. denied, 474 
U.S. 865 (1985). The trier of fact may believe or disbelieve all or any part of 
a witness's testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. 
App. 1986), cert. denied, 488 U.S. 872 (1988). The trier of fact has the 
responsibility to resolve conflicts in the testimony, to weigh the evidence, and 
to draw reasonable inferences from basic facts to ultimate facts. Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.
        Although 
Torres argues that Weston’s testimony was contradictory and based on the 
assumption that it was Torres who was banging on the door, the trial court, as 
the trier of fact, could have found Weston’s testimony to be credible where 
she stated that she heard Torres’s voice screaming, “Brandee, open the 
fucking door. I’m taking my daughter with me to Mexico,” while the banging 
was occurring, that she watched Torres attempt to get through the doorway, and 
that she saw him look at her. Additionally, Torres admitted to the officers that 
he had been at Weston’s apartment to check on the welfare of his child. 
Viewing the evidence in the light most favorable to the trial court’s 
judgment, we hold that the evidence is legally sufficient to support Torres’s 
conviction for violation of a protective order. See Jackson, 443 U.S. at 
319, 99 S. Ct. at 2789; Burden, 55 S.W.3d at 612; Green v. State, 
Nos. 2-02-144-CR, 2-02-145-CR, 2003 WL 21710224, at *5 (Tex. App.—Fort Worth 
2003, pet. ref’d) (not designated for publication). We overrule Torres’s 
sole point.
V. Conclusion
        Having 
overruled Torres’s sole point, we affirm the trial court’s judgment.
 
 
                                                                  PER 
CURIAM
   
  
PANEL 
F:   WALKER, LIVINGSTON and DAUPHINOT, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 19, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.